UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY MECKLENBERG,<br><br>Plaintiff,<br><br>v.<br><br>GEORGETOWN DIVIDE PUBLIC UTILITY DISTRICT; and DOES 1 through 10, Inclusive,<br><br>Defendants. | No. 2:14-CV-00750-TLN-EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on Plaintiff Stacy Mecklenberg's ("Plaintiff") motion for summary judgment. (ECF No. 15.) Defendant Georgetown Divide Public Utility District ("Defendant") opposes Plaintiff's motion. (ECF No. 16.) Plaintiff has filed a reply with the Court. (ECF No. 19.) For the reasons set forth below, Plaintiff's motion for summary judgment (ECF No. 15) is hereby DENIED.

**I.   FACTUAL BACKGROUND**

This action arises from Plaintiff's allegations that she is disabled and that Defendant has refused to accommodate her disability by ignoring her request for a large print billing statement. Plaintiff has alleged the following violations: Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; Unruh Civil Rights Act, California Civil Code §§ 51 et seq.; and the Disabled Persons Act,

1

California Civil Code §§ 54.1 et seq.  Below are undisputed and disputed facts:

### A. Undisputed Facts

Defendant is a special purpose district that provides public utilities to communities located in western El Dorado County.  (Def's Reply to Pl.'s Separate Statement of Undisputed Material Fact ("UMF"), ECF No. 16-5, UMF No. 3.)  Plaintiff is a customer of Defendant and receives notices and billing statements regarding her utilities.  (ECF No. 16-5, UMF Nos. 3–5.)  Until recently, Defendant's billing statements were sent on postcards measuring approximately 3 inches by 5 inches. (ECF No. 16-5, UMF No. 6.)  Defendant admits that it allows notices and statements to be sent in large print format.  (ECF No. 16-5, UMF No. 12.)  Defendant has agreed to provide large format billing statements for the Plaintiff and has stated that providing Plaintiff with large print format statements does not impose an undue burden on Defendant.  (ECF No. 16-5, UMF Nos. 12–13.)

### B. Disputed Facts

Plaintiff alleges that she is visually impaired and is a "qualified person with a disability" and a physically disabled person under the ADA and its implementing regulations.  (Compl., ECF No. 1 at ¶ 4; Mecklenberg Decl., ECF No. 18 at ¶ 2.)  Defendant disputes that Plaintiff is a disabled person under the ADA and avers that Plaintiff offers no evidence of her physical impairment other than a declaration that repeats the same allegations set forth in the Complaint: "Plaintiff offers no specifics or other supporting evidence through expert testimony or medical records regarding the scope of her physical impairments."  (ECF No. 16-5, UMF No. 1.)

Plaintiff asserts that the 3 inch by 5 inch billing card utilized by Defendants contained print that was too small for Plaintiff to read.[1]  (ECF No. 16-5, UMF No. 2.)  Plaintiff alleges that she first contacted Defendant in February 2013, to request large print format bills.  (ECF No. 16-5, UMF No. 8.)  Plaintiff asserts that she made numerous requests both verbal and in writing, but that Defendants failed to accommodate her until sometime in November 2015.  (ECF No. 16-5,

---

[1] Defendant also disputes Plaintiff's statements about her ability to read small print asserting that "Plaintiff offers no evidence regarding the font or type size that is rendered 'small print.' A claim of a 'severely diminished ability to see' without additional evidence creates a genuine issue of material fact regarding whether Plaintiff qualifies as a qualified individual with a disability under the ADA." (ECF No. 16-5, UMF No. 2.)

1  UMF No. 9–11.)  Defendant argues that Plaintiff did not request accommodations until
2  December 2013, and that Defendant immediately began conversing with Plaintiff about providing
3  her with adequate enlarged billing statements.  (ECF No. 16-5, UMF No. 9–11.)

4  Plaintiff has moved for summary judgment on all of her claims.

5  **II.   LEGAL STANDARD**

6  Summary judgment is appropriate when the moving party demonstrates no genuine issue
7  as to any material fact exists, and therefore, the moving party is entitled to judgment as a matter
8  of law.  Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under
9  summary judgment practice, the moving party always bears the initial responsibility of informing
10 the district court of the basis of its motion, and identifying those portions of "the pleadings,
11 depositions, answers to interrogatories, and admissions on file together with affidavits, if any,"
12 which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.*
13 *Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof
14 at trial on a dispositive issue, a summary judgment motion may properly be made in reliance
15 solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at
16 324 (internal quotations omitted).  Indeed, summary judgment should be entered against a party
17 who does not make a showing sufficient to establish the existence of an element essential to that
18 party's case, and on which that party will bear the burden of proof at trial.

19 If the moving party meets its initial responsibility, the burden then shifts to the opposing
20 party to establish that a genuine issue as to any material fact actually does exist.  *Matsushita Elec.*
21 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities*
22 *Serv. Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this factual
23 dispute, the opposing party may not rely upon the denials of its pleadings, but is required to
24 tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in
25 support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c).  The opposing party must
26 demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the
27 suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that
28 the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for

the nonmoving party. *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

### III.     OPINION OF THE COURT

Summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists, and therefore, the moving party is entitled to judgment as a matter of law. *Adickes*, 398 U.S. 144, 157 (1970). As catalogued in the Factual Background section of this order, the instant matter is plagued with disputed material facts. For example, the parties dispute the extent of Plaintiff's disability, and most importantly, the time frame of Plaintiff's request for accommodations and when Defendant made accommodations for Plaintiff.

The Court is not convinced that Defendant's arguments concerning the extent of

1  Plaintiff's disability raise a material issue of fact.  Plaintiff has provided a signed declaration
2  stating the extent of her disability.  Although Defendant disputes that Plaintiff is disabled or the
3  extent thereof, it offers no evidence to support its contention.  Thus, Defendant has not raised a
4  material issue of fact.  *See Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1131–32 (C.D. Cal. 2005)
5  ("Although defendants dispute that plaintiff is disabled, they offer no evidence to support this
6  assertion in their supporting declarations or otherwise.  Accordingly, the Court finds that
7  defendants have not raised a genuine issue of material fact as to plaintiff's disability status.").
8  However, Defendant's other arguments—concerning when it was apprised of Plaintiff's request
9  for accommodations and when and if it offered accommodations—do create material issues of
10 fact.  Similarly, there are disputes as to whether Defendant in fact stopped sending Plaintiff
11 billing statements sometime in 2014.  Plaintiff states that "approximately 1.5 years ago, GDPUD
12 [(Defendant)] stopped sending the plaintiff regular statements.  However, three weeks ago she did
13 receive a statement from GDPUD that was on an 8.5" x 11" piece of paper."  (ECF No. 16-5,
14 UMF No. 11.)  Defendant denies that it stopped sending Plaintiff statements: "At no time since
15 Plaintiff has been a customer of GDPUD has GDPUD failed to send her any billing statements."
16 (ECF No. 16-5, UMF No. 11.)

17      Simply put, these disputes make summary judgment inappropriate.  It is clear from the
18 parties' briefing that in order to make a determination on Plaintiff's summary judgment the Court
19 would be required to make credibility determinations concerning the parties' disputed allegation;
20 that is not the province of the Court.  *See Anderson*, 477 U.S. at 252 ("Credibility determinations,
21 the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury
22 functions, not those of a judge ... ruling on a motion for summary judgment . . .").  Therefore,
23 Plaintiff's motion for summary judgment (ECF No. 15) is hereby DENIED.
24      IT IS SO ORDERED.
25 Dated: April 28, 2016

Troy L. Nunley
United States District Judge